**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMED SUKAR ALI, | Nos. 07-70672 |
| Petitioner, | 07-72354 |
| v. | Agency No. A095-315-421 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

In these consolidated petitions for review, Mohammed Sukar Ali, a native

and citizen of Bangladesh, petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, protection

under the Convention Against Torture ("CAT"), and denying his motion to remand

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(No. 07-70672), and of the BIA's order denying his motion to reopen (No. 07-72354). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). We review for abuse of discretion the denial of a motion to remand, *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987), and the denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review in No. 07-70672. We deny the petition for review in No. 07-72354.

Even if Ali had timely filed his asylum application, substantial evidence supports the agency's adverse credibility determination because Ali's asylum application omitted the riverside attempt on his life, *see Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003) (petitioner's omission of a "dramatic pivotal event" from his asylum application supported adverse credibility determination), and Ali failed to corroborate his claim that he was an Ahmadi Muslim through the procedures established by the Ahmadiyya Movement in Islam, *see Sidhu v. INS*, 220 F.3d 1085, 1090-92 (9th Cir. 2000) ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application."). In the absence of credible testimony, Ali's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to consider Ali's CAT claim because he did not exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

The BIA did not abuse its discretion in denying Ali's motion to remand because Ali failed to demonstrate the additional evidence he submitted with his motion "was not available and could not have been discovered or presented" at his hearing. 8 C.F.R. § 1003.2(c)(1); *see also Rodriguez*, 841 F.2d at 867.

Finally, the BIA also did not abuse its discretion in denying Ali's motion to reopen because the BIA considered the evidence submitted and acted within its broad discretion in determining Ali did not show prima facie eligibility for the relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *see also Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (the BIA's denial of a motion to reopen shall be reversed only if it is arbitrary, irrational, or contrary to law).

**No. 07-70672: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 07-72354: PETITION FOR REVIEW DENIED.**